UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

MILTON D. RICKMAN,

        Plaintiff,                      Case No. 1:07-cv-197

v.                                            Honorable Gordon J. Quist

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against the Michigan Department of Corrections and order service on the three remaining Defendants.

## Discussion

    I.    Factual allegations

Plaintiff is presently incarcerated at Carson City Correctional Facility. In his *pro se* complaint, he sues the Michigan Department of Corrections (MDOC), Deputy Warden Tony Trierweiler and Inspector Mark Christenson of the Carson City Correctional Facility, and Detective

Kenneth Shutter of the Warren Police Department. Plaintiff's complaint is a re-filing of a previous action brought by Plaintiff. *See Rickman v. Mich. Dep't of Corr. et al.*, 1:06-cv-52 (W.D. Mich.), which was dismissed for lack of exhaustion of administrative remedies.[1] Plaintiff claims that he has now properly exhausted his administrative remedies.

In his complaint, Plaintiff claims that Defendants wrongfully extracted his DNA from a buccal (inside the cheek) swab when he had already provided several DNA samples to the Wayne County Sheriff's Department on December 5, 2003. On September 27, 2004, Inspector Christenson escorted Plaintiff to meet with Detective Shutter. At that meeting, Shutter requested a buccal swab from Plaintiff as part of an ongoing criminal investigation. Plaintiff, however, refused to consent to the swab because he had already submitted several DNA samples in 2003. Plaintiff argued that Shutter could access his previous DNA sample on the Michigan State Police DNA database. As a result, Plaintiff was ordered to wait outside.

Shortly thereafter, Inspector Christenson escorted Plaintiff into an office with Defendants Trierweiler and Shutter. Deputy Warden Trierweiler issued a direct order to Plaintiff to submit to the buccal swab or be placed in "indefinite disciplinary detention." Again, Plaintiff refused to consent and insisted that Defendants should check his DNA samples on the Michigan State Police DNA database. Trierweiler replied "we don't have to." Pl.'s Compl. at 8. When Trierweiler instructed Christenson to "lock [Plaintiff's] black ass up indefinitely," Christenson handcuffed Plaintiff. *Id.* Defendants then "violently" threw Plaintiff to the floor and forcibly opened his mouth. *Id.* at 9.

---

[1] The Sixth Circuit recently held that "when a prisoner 're-files' a complaint raising the same prison conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA . . . the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006). In *Owens*, the court of appeals ordered the district court to reimburse the prisoner the filing fee he paid when he re-filed his action. *Id.* Because Plaintiff's complaint is a verbatim re-filing of *Rickman v. Mich. Dep't of Corr. et al.*, 1:06-cv-52 (W.D. Mich.), he need not pay an additional filing fee. *See Owens*, 461 F.3d at 773. The Court will therefore allow Plaintiff to proceed without payment of an additional filing fee in this action.

Plaintiff argues that under the DNA Identification Profiling Act, MICH. COMP. LAWS § 28.171 *et seq.*, the Michigan State Police permanently retains the DNA identification profile of an individual convicted of a felony or an attempted felony. Plaintiff believes that the Wayne County Sheriff's Department sent his 2003 DNA sample to the Michigan State Police for inclusion in the Michigan DNA database. Further, Plaintiff states that he is not required to provide another DNA sample under MICH. COMP. LAWS § 750.520m(2). MICH. COMP. LAWS § 750.520m(2) provides:

> if at the time the person is convicted of or found responsible for the violation the investigating law enforcement agency or the department of state police already has a sample from the person that meets the requirements of the DNA identification profiling act, . . ., the person is not required to provide another sample . . . .

Plaintiff argues that the forced extraction of his DNA by Defendants violated his rights under the Fourth Amendment, Fifth Amendment, and under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment. Plaintiff also alleges claims of racial discrimination and intentional infliction of emotional distress against Defendants in his complaint.

For relief, Plaintiff requests declaratory and injunctive relief, and monetary damages and costs.

II.   Immunity

Plaintiff may not maintain an action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of

Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). The Court will therefore dismiss Plaintiff's claims against the MDOC.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's claims against Defendant MDOC will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) because that Defendant is immune.

The Court finds that Plaintiff states at least one cognizable claim against the remaining Defendants, and thus, will order service of Plaintiff's complaint on Defendants Trierweiler, Christenson, and Shutter.

An Order consistent with this Opinion will be entered.


Dated:  April 17, 2007                                  /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE