UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON D. RICKMAN,

       Plaintiff,                                             Case No: 1:07-cv-197

v                                                                     HON. JANET T. NEFF

MICHIGAN DEPARTMENT OF
CORRECTIONS, TONY TRIERWEILER,
MARK CHRISTENSON, and KENNETH
SHUTTER,

       Defendants.
                                                      /

**OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION**

      The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on February 11, 2008 (Dkt 21). The Report and Recommendation was duly served on the parties. The Court has received objections from plaintiff (Dkt 24) and defendants Trierweiler and Christenson (Dkt 22). Both parties object to the Magistrate Judge's exhaustion analysis of plaintiff's claim against defendant Christenson. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections.

      Plaintiff does not dispute that he failed to name Christenson in the grievance process, although he points out that he referenced Christenson in his complaint. Plaintiff argues that his claim was properly exhausted because the Supreme Court has "required only that inmates follow the prison's requirements for exhaustion." Plaintiff references the Supreme Court's decision in *Jones v. Bock,* 127 S. Ct. 910, 916 n. 4 (2007), where the Court examined a policy directive that did

not require a plaintiff to identify responsible parties in the grievance process.

Plaintiff's argument is without merit.

Although the Supreme Court held that compliance with prison grievance procedures is all that is required to properly exhaust a claim, *Jones v. Bock,* 127 S. Ct. 910, 922-923 (2007), plaintiff did not comply with the policy directive applicable to his case. MDOC Policy Directive 03.02.130, ¶ T (effective 12/19/03) requires a prisoner to identify "who" is involved in the issue being grieved. The Magistrate Judge therefore properly concluded that plaintiff had not exhausted his administrative remedies against Christenson where plaintiff did not identify Christenson in the grievance process.

Defendants' objection consists of their request that this Court correct the Magistrate Judge's allegedly inaccurate statement at page 10 of the Report and Recommendation that "MDOC Policy Directive 03.02.130, ¶ T, does not require that Plaintiff name all defendants in a Step I grievance." Defendants concede that their disagreement with the Magistrate Judge over his construction of this paragraph of the policy directive is not dispositive in this case.

Indeed, the Magistrate Judge also acknowledged in his Report and Recommendation that whether the directive requires a plaintiff to name all responsible parties at Step I is not an issue that is "dispositive of the matter at hand" where plaintiff wholly omitted to identify Christenson in the grievance process. This Court's opinion on the merits of defendants' objection would likewise be dicta.

Therefore, the Court denies defendants' objection inasmuch as the Court declines to address the merits of an issue that does not affect the rights of the litigants in the case at bar. However, the Court's approval and adoption of the Magistrate Judge's Report and Recommendation as its own

opinion does not encompass the portion of the Report and Recommendation that defendants highlight in their objection as it is agreed that this portion lacks precedential value.

THEREFORE, IT IS ORDERED that the objections are DENIED and the Report and Recommendation of the Magistrate Judge is APPROVED and ADOPTED as the opinion of the Court as noted.

Dated:  March 31, 2008 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge