UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MILTON D. RICKMAN,

      Plaintiff,                            Case No. 1:07-cv-197

v                                    HON. JANET T. NEFF

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/


**OPINION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Kenneth

Shutter and Tony Trierweiler filed motions for summary judgment, arguing that they are entitled to

qualified immunity and that the Plaintiff's claims fail on their merits.  The matter was referred to

the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court

grant Defendants' motions and enter judgment for Defendants for the following reasons:  Plaintiff's

Fourth Amendment rights were not violated,  Plaintiff cannot establish that his equal protection

rights were violated, and Plaintiff did not establish that Defendants violated any of his clearly

established rights to overcome qualified immunity.  The Report and Recommendation also urges this

Court to decline to exercise supplemental jurisdiction of Plaintiff's state law claims, which would

effectuate a dismissal of Plaintiff's case in its entirety.

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Judgment pursuant to FED. R. CIV. P. 58.

Plaintiff, in his objections, argues for the first time that the search was unreasonable because the search warrant was issued without probable cause.  Plaintiff did not present this theory to the Magistrate Judge, and the Court therefore deems the argument waived.  "While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  See also *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived").

Plaintiff further objects to the Magistrate Judge's analysis of the force used to execute the search warrant.  Plaintiff argues that the Defendants used excessive force while executing the search warrant.  Plaintiff's argument is without merit.  The Magistrate Judge properly considered "whether force was applied in [a] good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The Magistrate Judge properly concluded that Plaintiff did not establish that Defendants used excessive force.

Plaintiff also objects to the Magistrate Judge's analysis of Defendants' potential qualified immunity.  Plaintiff argues that Defendants were both aware that their actions in executing the search warrant violated state law and prison operating procedures.  Plaintiff further argues, based on the operating procedure, that his rights were clearly established.  Plaintiff's argument is without merit.  The Magistrate Judge properly analyzed whether the right Plaintiff claimed was infringed was clearly established in light of Supreme Court and Sixth Circuit precedent.  "A right is not clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred." *Durham v. Nu' Man*, 97 F.3d 862, 866 (6th Cir. 1996) (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).  The Magistrate Judge properly concluded that Plaintiff has not established that Defendants violated a clearly established right.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Court not exercise supplemental jurisdiction over any of Plaintiff's state law claims.  Plaintiff simply disagrees with the recommendation, and he offers no legal argument that would require this Court to exercise supplemental jurisdiction.  To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, *2 (6th Cir. June 18, 1998).

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Judgment  would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997)

Judgment will be entered consistent with this Opinion.


Dated: January 29, 2009                                    /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON D. RICKMAN,

       Plaintiff,                                          Case No. 1:07-cv-197

v                                                                    HON. JANET T. NEFF

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

## JUDGMENT

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Objections (Dkt 43) are DENIED and the Report

and Recommendation (Dkt 42) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (Dkts 25, 32)

are GRANTED and Judgment is entered against Plaintiff and in favor of Defendants Kenneth

Shutter and Tony Trierweiler.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)

that an appeal of the Judgment would not be taken in good faith.

Date: January 29, 2009                                 /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge